# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARISSIMA M. PETTUS,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DOCKET NUMBERS<br>DC-0353-13-0409-B-1<br>DC-0752-16-0763-I-1<br><br><br>DATE: April 4, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carissima M. Pettus</u>, Burlington, North Carolina, pro se.

<u>Sean McBride</u>, Esquire, Norfolk, Virginia, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　The appellant petitions for review of the remand initial decision in *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-B-1, granting her relief in her restoration appeal, and the initial decision in *Pettus v. Department of the Navy*, MSPB Docket No. DC-0752-16-0763-I-1, dismissing her alleged constructive suspension appeal. These two appeals concern the same absence;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

therefore, we JOIN them under 5 C.F.R. § 1201.36(b) because doing so will expedite processing without adversely affecting the interests of the parties.

¶2   Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting her petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions in these appeals.  5 C.F.R. § 1201.113.

## BACKGROUND

¶3   The appellant originally suffered an on-the-job injury on November 30, 2011.  *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-I‑1, Initial Appeal File (0409 IAF), Tab 16 at 12.  The Office of Workers' Compensation Programs (OWCP) accepted this injury as compensable.  *Id.*  On August 28, 2012, the appellant suffered a recurrence, which OWCP also deemed compensable.  0409 IAF, Tab 8 at 49-50, 79.  On November 29, 2012, the appellant informed the agency that she had reached maximum medical improvement and requested restoration to a position within her medical restrictions.  0409 IAF, Tab 16 at 25.  The agency denied her request.  *Id.* at 19‑20.  However, in doing so, it admittedly did not conduct an agency‑wide

search for work. *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-B-1, Remand File (0409 RF), Tab 24 at 20-23, Tab 31 at 6.

¶4   The appellant filed a restoration appeal, after which the agency offered, and she accepted, a position on December 24, 2013. 0409 IAF, Tab 1, Tab 19 at 3; 0409 RF, Tab 31 at 6.

The appellant's restoration appeal.

¶5   After an administrative judge dismissed the appellant's restoration appeal for lack of jurisdiction, the Board remanded for a jurisdictional hearing because the record reflected that the appellant had nonfrivolously alleged facts that, if proven, would establish that she was a physically disqualified individual and that the agency had violated the restoration rights to which she was entitled under 5 C.F.R. § 353.301(c). *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-I-2, Remand Order (Nov. 5, 2015). The administrative judge issued an order in which she set forth the pertinent jurisdictional elements for the appellant's restoration and discrimination claims, granted the agency's request for a 30-day continuance, and set forth discovery deadlines. 0409 RF, Tabs 9, 13, 16.

¶6   The administrative judge granted the agency's subsequent motion to compel discovery and ultimately struck the appellant's disability discrimination claim as a sanction for her failure to comply with an order to respond to the agency's discovery requests. 0409 RF, Tabs 17-20.

¶7   The administrative judge determined that the agency's failure to perform the required agency-wide search was an arbitrary and capricious denial of the appellant's restoration request, and, in light of that ruling, the appellant withdrew her earlier request for a hearing on her restoration claim. 0409 RF, Tab 9, Tab 31 at 6‑7. The administrative judge therefore issued a remand initial decision in which she found that the agency had failed to properly restore the appellant for the period beginning with her first request for restoration on November 29, 2012, and ending with her acceptance of the agency's offer of a GS-05 Security

Assistant position on December 23, 2013. 0409 RF, Tab 32, Remand Initial Decision (0409 RID).

<u>The appellant's constructive suspension appeal.</u>

¶8    The appellant first asserted a constructive suspension claim in her remanded restoration appeal. 0409 RF, Tab 30 at 4. The administrative judge determined that, under the circumstances, she should adjudicate only the restoration appeal that the Board had remanded to the regional office, observing that the appellant could file a new constructive suspension appeal. *Id.* at 4-5. The appellant did so, contending that the agency constructively suspended her when it placed her in an enforced leave status for more than 14 days. *Pettus v. Department of the Navy*, MSPB Docket No. DC-0752-16-0763-I-1, Initial Appeal File (0763 IAF), Tabs 1, 8.

¶9    The administrative judge dismissed the appeal because she found that the appellant's rights and remedies regarding the time that she alleged that the agency constructively suspended her were subsumed in her restoration appeal. 0763 IAF, Tab 9, Initial Decision (0763 ID).

¶10    The appellant filed separate petitions for review in each appeal. *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-B-1, Remand Petition for Review (RPFR) File, Tab 1; *Pettus v. Department of the Navy*, MSPB Docket No. DC-0752-16-0763-I-1, Petition for Review (PFR) File, Tab 1. For the following reasons, we deny the appellant's petitions for review and affirm the remand initial decision finding that the agency denied her restoration and the initial decision dismissing her constructive suspension appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We accept the appellant's petition for review in her restoration appeal as timely filed under the circumstances.</u>

¶11    The appellant electronically filed her petition for review in her restoration appeal 4 minutes and 49 seconds late. RPFR File, Tab 1. The Clerk of the Board

notified the appellant that her petition was untimely. RPFR, Tab 2. The appellant filed a motion to accept the filing as timely or to waive or set aside the time limit, attributing her lateness to personal circumstances and technical difficulties. RPFR File, Tab 3; 5 C.F.R. § 1201.114(g). The agency responded in opposition to the appellant's motion and to her petition for review. RPFR, Tab 4. The appellant's former representative also filed a motion to intervene to protect the favorable remand initial decision and his opportunity to be awarded attorney fees. RPFR, Tab 5. The agency responded in opposition to the motion to intervene and the appellant's former representative responded to the agency's opposition.[2] RPFR, Tabs 6-7.

¶12    In light of the appellant's pro se status, the minimal delay involved, and the lack of any prejudice to the agency, we exercise our discretion to accept the appellant's petition for review. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995) (finding that, to determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Importantly, the fact that the appellant's petition was less than 5 minutes late indicates that she was most likely diligently trying to timely file at the time of the deadline. *See, e.g.*, *Rousselle v. Department of the Army*, 69 M.S.P.R. 531, 535-36 (1996) (finding that an appellant acted with due diligence by depositing his petition for review with proper postage in a Kinko's mail box).

---

[2] We deny the motion to intervene. Issues regarding attorney fees are premature, as the remand initial decision is not yet final. *See generally* 5 C.F.R. § 1201.203 (explaining how to seek attorney fees incurred in connection with a Board appeal).

<u>The administrative judge correctly found that the agency failed to restore the appellant and ordered back pay but not placement in a position.</u>

¶13    The administrative judge found that the appellant was physically disqualified from her former position and the agency failed in its obligation to restore her from November 29, 2012, to December 23, 2013.  0409 RID at 7.  The parties do not challenge this finding on review.  An employee who is physically disqualified from her former position as the result of a compensable injury has an agency‑wide right to restoration to an equivalent position or the "nearest approximation thereof" within the first year of her injury.  5 C.F.R. § 353.301(c).  Under the applicable regulation, the appellant only needs to prove that the agency failed to restore her, or improperly restored her, following a leave of absence.[3]  5 C.F.R. § 353.304(a).

¶14    The appellant argues on review that the administrative judge should have ordered the agency to place her in a Program Support Assistant position that she requested on November 29, 2012.  RPFR File, Tab 1 at 5.  We disagree.  Under the circumstances here, the administrative judge correctly ordered the agency to pay the appellant back pay from November 29, 2012, to December 23, 2013.  0409 RID at 7; *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-I-2, Tab 12 at 46‑47, 112, 114.  The record reflects that, after the agency restored the appellant to a Security Assistant position on December 23, 2013, it removed her for misconduct unrelated to the matters on appeal and she did not appeal that removal.  0409 RID at 3 n.2.  The Board has held that an employee who was absent from work because the agency removed her for cause, rather than for reasons substantially related to her compensable injury, is not entitled to restoration.  *Manning v. U.S. Postal Service*, 118 M.S.P.R. 313, ¶ 8 (2012).  Thus,

---

[3] To the extent that the administrative judge found that the appellant had to prove that the agency's denying restoration was arbitrary and capricious, we modify that finding. 0409 RID at 5-6.  The arbitrary and capricious burden does not apply to employees seeking restoration within 1 year after compensation begins.  *See* 5 C.F.R. § 353.304 (setting forth an appellant's burden of proof based on the degree of her recovery).

even if the appellant could somehow establish that the agency should have placed her in the Program Support Assistant position, she would not be entitled to that remedy.

¶15      Regarding the striking of her disability discrimination claim, the appellant contends on review that the administrative judge failed to give her 10 days to respond to the agency's motion for sanctions and this prejudiced her ability to oppose the motion. RPFR, Tab 1 at 10. However, the record does not reflect that the appellant lodged any objection to the administrative judge's ruling below. *See Brown v. U.S. Postal Service*, 64 M.S.P.R. 425, 429 (1994) (finding that the appellant's failure to preserve an objection on the record to the administrative judge's ruling on a motion to compel precluded him from objecting to that ruling on review). The record reflects that the appellant not only failed to respond to the agency's discovery request, but that she also failed to respond to the agency's motion to compel discovery and the administrative judge's orders to file her discovery responses. 0409 RF, Tabs 16-20; *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 13 (2011) (finding that an administrative judge is not required to provide the appellant with an opportunity to oppose sanctions for failure to comply with an order that warned of the possibility of sanctions), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012). In granting the agency's motion to compel, the administrative judge warned the appellant that failure to comply could result in sanctions. 0409 RF, Tab 18. It is well settled that administrative judges have broad discretion to regulate the proceedings before them, including the authority to rule on discovery motions and to impose sanctions as necessary to serve the ends of justice. *Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015); *see* 5 C.F.R. § 1201.43 (discussing the circumstances under which an administrative judge may impose sanctions, including failure to comply with an order or prosecute an appeal). We discern no basis for finding that the administrative judge abused her discretion in imposing the sanction after the appellant's repeated failures to comply with the Board's

discovery rules and with the administrative judge's orders regarding discovery. *See Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 14-16 (2007) (finding that an administrative judge did not abuse her discretion in dismissing two of the appellant's claims after he failed to comply with multiple orders for 2 1/2 months).

¶16    The appellant also argues that the administrative judge granted the agency a continuance without good cause while holding her to strict deadlines, contending that, as a result, the administrative judge took too long to adjudicate the appeal. RPFR File, Tab 1 at 10.  The appellant implies that this demonstrates that the administrative judge was biased against her.  *Id.*  The record reflects that the administrative judge granted the agency a 30-day suspension based on its scheduling conflict.  0409 RF, Tab 14, Tab 16 at 7‑8.  Although the request was made by the agency, the administrative judge extended deadlines for both parties, and expressed her intention that they use this time to conduct discovery. 0409 RF, Tab 16 at 7‑8.  There is a presumption of honesty and integrity on the part of administrative judges that can be overcome only by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings.  *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362‑63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant fails to make such a showing.

The administrative judge correctly found that the appellant's constructive suspension claim was subsumed in her restoration appeal.

¶17    A constructive suspension claim generally is subsumed in a restoration claim when both claims are based on the same absence.  *Kinglee v. U.S. Postal*

*Service*, [114 M.S.P.R. 473](), ¶¶ 19-22 (2010). If, as here, the Board has determined on the merits that the agency violated an appellant's restoration rights and has ordered the relief to which the employee is entitled, it would be illogical to also find that the agency constructively suspended the appellant for the same time period. *See id.*, ¶ 21. Moreover, viewing the appellant's constructive suspension claim as subsumed by her restoration claim is consistent with the principle of excluding other avenues of relief whereby a comprehensive scheme exists regarding the rights and remedies at issue. *Id.*, ¶ 22. The comprehensive scheme promulgated by the Office of Personnel Management identifies the rights and remedies for physically disqualified individuals like the appellant, and we find that those procedures are sufficient to address her claims herein. *See id.*

¶18         The appellant asserts on review that the Board's holding in *Kinglee* is restricted to circumstances involving the National Reassessment Process of the U.S. Postal Service. PFR File, Tab 1 at 7. We find no reason to distinguish the holding in *Kinglee* on that basis. *See Dean v. U.S. Postal Service*, [115 M.S.P.R. 56](), ¶ 21 n.8 (2010) (finding that a constructive suspension claim was subsumed in an employee's restoration claim because a comprehensive scheme regarding the rights and remedies for those who partially or fully recover from compensable injuries provided sufficient redress for both claims).

## ORDER

¶19         We ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we

ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60‑day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS IN MSPB DOCKET NO. DC-0353-13-0409-B-1

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.



| | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |
|---|---|

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.